**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION AT CINCINNATI**

| | | |
|---|---|---|
| **ASHLEY T.,** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | **Case No. 1:25-cv-00581** |
| **v.** | : | |
| | : | **Magistrate Judge S. Courter M. Shimeall** |
| | : | |
| **COMMISSIONER OF SOCIAL SECURITY,** | : | |
| | : | |
| | : | |
| **Defendant.** | : | |

**ORDER**

Plaintiff, Ashley T., brings this action under 42 U.S.C. § 405(g) and 1383(c)(3) for review of a final decision of the Commissioner of Social Security ("Commissioner") denying her application for Supplemental Security Income ("SSI"). This matter is before the Court on Plaintiff's Statement of Errors. (ECF No. 8.) For the reasons that follow, the Court **SUSTAINS** Plaintiff's Statement of Errors (ECF No. 8), **REVERSES** the Commissioner of Social Security's nondisability finding and **REMANDS** this case to the Commissioner and the ALJ under Sentence Four of § 405(g).

## I. BACKGROUND

Plaintiff applied for SSI on January 22, 2021, alleging disability as of December 31, 2020,[1] due to depression, PTSD, Dissociative Identity Disorder, anxiety, ADD, ADHD, mood swings,

[1] Regardless of the actual or alleged onset of disability, an SSI claimant is not entitled to SSI benefits prior to the date that [Plaintiff] files an SSI application. Thus, the relevant period of consideration in this case begins on January 22, 2021. *See* 20 C.F.R. § 416.335; *Koster v. Comm'r of Soc. Sec.*, 643 Fed. App'x 466, 478 (6th Cir. 2016) ("For purposes of SSI, which is not retroactive, the relevant period here is . . . the date [Plaintiff] filed her protective application.").

Bipolar Disorder, blindness in her right eye, and Hepatitis C. (ECF No. 7, PAGEID ##: 150, 446.) Plaintiff's applications were denied initially on July 19, 2021, and upon reconsideration on March 28, 2022. (*Id.* at PAGEID ##: 124–34, 135–46.) Thereafter, Plaintiff appeared with counsel before an administrative law judge ("ALJ") on July 21, 2022. (*Id.* at PAGE ##: 95–123.) On September 27, 2022, the ALJ found that Plaintiff was not disabled within the meaning of the Social Security Act. (*Id.* at PAGEID ##: 147–68.) The Appeals Council granted Plaintiff's request for review and remanded this claim for resolution of the following issue:

> The hearing decision does not contain an adequate evaluation of the medical source opinions and prior administrative findings in assessing the claimant's residual functional capacity (RFC). An Administrative Law Judge will articulate the persuasiveness of all medical opinions and prior administrative medical findings in the case record, including an explanation of how the Administrative Law Judge considered the factors of supportability and consistency (20 CFR 416.920c). If the RFC assessment conflicts with an opinion from a medical source, the Administrative Law Judge must explain why the opinion was not adopted (Social Security Ruling 96-8p). The hearing decision does review the medical opinions and prior administrative findings, however, in assessing their persuasiveness, the Administrative Law Judge does not appear to sufficiently discuss the factors of supportability and consistency (Decision, pages 10-11). In addition, the Administrative Law Judge found the opinions from treating sources Danielle Gainer, M.D. and Teresa Belouchi, LISW, somewhat persuasive (Exhibits 17F, 18F, and 19F; Decision page 10). The Appeals Council notes, however, that the providers found the claimant would have marked to extreme mental limitations, be off task at least 20% of the workday, and would be absent at least three days per month (Exhibits 18F and 19F). The assessed RFC does not appear to adopt any of the limitations opined by Dr. Gainer and Ms. Belouchi, and the hearing decision does not explain which aspects of the opinions were persuasive and which aspects were not. Further consideration should be given to the opinion evidence and prior administrative findings.

(*Id.* at PAGEID ##: 171–72.)

On remand, the claim was returned to the same ALJ. After a hearing, the ALJ issued an unfavorable decision on August 16, 2024, finding that Plaintiff was not eligible for benefits

because she was not under a "disability" as defined in the Social Security Act. (*Id.* at PAGEID ##: 36–70.)

The ALJ applied the five-step sequential process to evaluate Plaintiff's SSI application.[2] (ECF No. 7, PAGEID ##: 40–42.) Relevant here:

- Step One: The ALJ found that Plaintiff has not engaged in substantial gainful activity since January 22, 2021, the application date. (*Id.* at PAGEID #: 42.)
- Step Two: Plaintiff has the following severe impairments: low vision, Hepatitis C, asthma, hypotension, obesity, bipolar disorder, depressive disorder, anxiety disorder, post-traumatic stress disorder (PTSD), dissociative identity disorder, opioid use disorder, stimulant use disorder, bilateral carpal tunnel syndrome and Type II diabetes mellitus. (*Id.*)
- Step Three: The ALJ further found that Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments described in 20 C.F.R. Part 404, Subpart P, Appendix 1. (*Id.*)

Before proceeding to Step Four, the ALJ set forth Plaintiff's residual functional capacity ("RFC") as follows:

> [Plaintiff] has the residual functional capacity to perform light work as defined in 20 CFR 416.967(b) except lifting and/or carrying 20 pounds occasionally and 10

---

[2] Social Security Regulations require ALJs to resolve a disability claim through a five-step sequential evaluation of the evidence. *See* 20 C.F.R. § 416.920(a)(4). Although a dispositive finding at any step terminates the ALJ's review, *see Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007), if fully considered, the sequential review considers and answers five questions:

1. Is the claimant engaged in substantial gainful activity?
2. Does the claimant suffer from one or more severe impairments?
3. Do the claimant's severe impairments, alone or in combination, meet or equal the criteria of an impairment set forth in the Commissioner's Listing of Impairments, 20 C.F.R. Subpart P, Appendix 1?
4. Considering the claimant's residual functional capacity, can the claimant perform his or her past relevant work?
5. Considering the claimant's age, education, past work experience, and residual functional capacity, can the claimant perform other work available in the national economy?

*See* 20 C.F.R. § 404.1520(a)(4); *see also Henley v. Astrue*, 573 F.3d 263, 264 (6th Cir. 2009); *Foster v. Halter*, 279 F.3d 348, 354 (6th Cir. 2001).

> pounds frequently. She can stand and/or walk and sit about six hours in an 8-hour day. [Plaintiff] cannot climb ladders, ropes or scaffolds. [Plaintiff] can perform no jobs requiring depth perception or peripheral vision. She can frequently handle, finger or feel bilaterally. [Plaintiff] can have occasional concentrated exposure to dusts, odors, fumes and pulmonary irritants. She must avoid unprotected heights or dangerous machinery. [Plaintiff] is limited to simple, routine tasks but not at a production rate pace and without strict production quotas. She can have occasional superficial contact with supervisors and coworkers, with superficial contact defined as retaining the ability to receive simple instructions, ask simple questions, and receive performance appraisals but as lacking the ability to engage in more complex social interactions such as persuading other people or rendering advice. She can have no interaction with the general public. [Plaintiff] can perform no jobs requiring teamwork or tandem tasks. She can have occasional changes to a routine work setting defined as 1-2 per week.

(ECF No. 7, PAGEID ##: 45–46.)

- Step Four: The ALJ determined that Plaintiff has no past relevant work. (*Id.* at PAGEID #: 60.)

- Step Five: The ALJ concluded that—when considering her age, education, work experience, and RFC, and in reliance on the VE's testimony—there are jobs that exist in significant numbers in the national economy that Plaintiff can perform, such as a hotel housekeeper, routing clerk and mail sorter. (*Id.* at PAGEID ##: 60–61.)

The ALJ therefore concluded that Plaintiff has not been under a disability, as defined in the Social Security Act, since January 22, 2021. (*Id.* at PAGEID #: 61.) The Appeals Council denied Plaintiff's request for review on June 20, 2025. (*Id.* at PAGEID ##: 25–29.) This appeal followed.

## II. RELEVANT RECORD EVIDENCE

The Undersigned has reviewed the portions of the administrative record relevant to the claimed errors raised by Plaintiff. Rather than summarizing that information here, the Undersigned will refer and cite to it as necessary in the discussion of the parties' arguments below.

## III. STANDARD OF REVIEW

When reviewing a case under the Social Security Act, the Court "must affirm the Commissioner's decision if it 'is supported by substantial evidence and was made pursuant to proper legal standards.'" *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009) (quoting *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007)); *see also* 42 U.S.C. § 405(g) ("The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . ."). "[S]ubstantial evidence is defined as 'more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Rogers*, 486 F.3d at 241 (quoting *Cutlip v. Sec'y of Health & Hum. Servs.*, 25 F.3d 284, 286 (6th Cir. 1994)).

Although the substantial evidence standard is deferential, it is not trivial. The Court must "'take into account whatever in the record fairly detracts from [the] weight'" of the Commissioner's decision. *TNS, Inc. v. NLRB*, 296 F.3d 384, 395 (6th Cir. 2002) (quoting *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 487 (1951)). Nevertheless, "if substantial evidence supports the ALJ's decision, this Court defers to that finding 'even if there is substantial evidence in the record that would have supported an opposite conclusion.'" *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009) (quoting *Key v. Callahan*, 109 F.3d 270, 273 (6th Cir. 1997)). Finally, even if the ALJ's decision meets the substantial evidence standard, "'a decision of the Commissioner will not be upheld where the SSA fails to follow its own regulations and where that error prejudices [Plaintiff] on the merits or deprives the claimant of a substantial right.'" *Rabbers*, 582 F.3d at 651 (quoting *Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 746 (6th Cir. 2007)).

## IV. ANALYSIS

Plaintiff contends that the ALJ erred in his evaluation of the medical opinion evidence. Plaintiff specifically challenges the ALJ's evaluation of Danielle Gainer, MD, Teresa Belouchi, LISW, and the consultative examiner for ophthalmology, Matthew Sprowl, M.D. Plaintiff argues that the ALJ "erred by conflating the supportability and consistency factors when evaluating the medical source opinions." (ECF No. 8 at PAGEID #: 2224.) The Undersigned finds Plaintiff's arguments with respect to Dr. Gainer to be well-taken.[3]

The governing regulations describe five different categories of evidence: (1) objective medical evidence; (2) medical opinions; (3) other medical evidence; (4) evidence from nonmedical sources; and (5) prior administrative medical findings. 20 C.F.R. § 416.913(a)(1)–(5). Regarding two of these categories—medical opinions and prior administrative findings—an ALJ is not required to "defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative finding(s), including those from [Plaintiff]'s medical sources." 20 C.F.R. § 416.920c(a). Instead, an ALJ must use the following factors when considering medical opinions or administrative findings: (1) "[s]upportability"; (2) "[c]onsistency"; (3) "[r]elationship with the claimant"; (4) "[s]pecialization"; and (5) other factors, such as "evidence showing a medical source has familiarity with the other evidence in the claim or an understanding of [the SSA's] disability programs policies and evidentiary requirements." 20 C.F.R. § 416.920c(c)(1)–(5). Supportability and consistency are the most

[3] This finding obviates the need for in-depth analysis of Plaintiff's remaining arguments as to Ms. Belouchi and Dr. Sprowl. Thus, the Undersigned need not, and does not, resolve whether Plaintiff's alternative bases support reversal and remand. Nevertheless, on remand, the ALJ may consider Plaintiff's arguments as to Ms. Belouchi and Dr. Sprowl if appropriate.

important of the five factors, and the ALJ must explain how they were considered. 20 C.F.R. § 416.920c(b)(2).

The supportability factor recognizes that "[t]he more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) . . . the more persuasive the medical opinions . . . will be." 20 C.F.R. § 416.920c(c)(1). "Therefore, an ALJ's supportability analysis addresses whether a medical professional has sufficient justification for their *own* conclusions." *Amy G. v. Comm'r of Soc. Sec. Admin.*, No. 2:24-CV-01151, 2025 WL 455378, at *6 (S.D. Ohio Feb. 11, 2025), *report and recommendation adopted*, No. 2:24-CV-01151, 2025 WL 807771 (S.D. Ohio Mar. 14, 2025). "ALJs must provide a 'minimum level of articulation . . . to provide sufficient rationale for a reviewing adjudicator or court.'" *Farrah W. v. Comm'r of Soc. Sec.*, No. 3:22-cv-374, 2024 WL 514496, at *8 (S.D. Ohio Feb. 9, 2024) (citation omitted). This analysis does not "require those explanations to contain a specific level of detail, but instead contemplate[s] that the appropriate level of articulation will necessarily depend on the unique circumstances of each claim." *Timothy B. v. Comm'r of Soc. Sec.*, No. 2:22-cv-3834, 2023 WL 3764304, at *7 (S.D. Ohio June 1, 2023) (internal quotations omitted). However, "it is the obligation of the ALJ 'in the first instance to show his or her work, *i.e.*, to explain in detail *how the factors actually were applied* in each case, to each medical source.'" *Scott K. v. Comm'r of Soc. Sec.*, No. 3:21-cv-129, 2022 WL 4484603, at *4 (S.D. Ohio Sept. 27, 2022) (citing *Hardy v. Comm'r of Soc. Sec.*, 554 F. Supp. 3d 900, 909 (E.D. Mich. 2021)).

Here, as to Dr. Gainer, the ALJ concluded that her opinion was "somewhat persuasive," explaining:

> Dr. Gainer found the claimant would be off task 20% or more of the time, would be absent more than three times a month, moderate to extreme limitations in understanding, remembering or applying information, concentrating, persisting or maintaining pace, and adapting or managing oneself. Further, she found that the claimant would still be markedly impaired in the presence of sobriety. I find the opinions somewhat persuasive, because the medical evidence of record does reflect that the claimant would have limitations. However, marked to extreme limitations are not supported. Mental status examinations contained in the record have record at the most moderate limitations even when the claimant is discernibly symptomatic of mood. The claimant has been noted to have normal memory, attention and cognitive abilities. Therefore, I find persuasive the existence of limitations, but not the severity as opined.

(ECF No. 7, PAGEID #: 59.) The only discussion of support is the ALJ's comment that "marked to extreme limitations are not supported" because "[m]ental status examinations contained in the record have record [sic] at the most moderate limitations even when the claimant is discernibly symptomatic of mood." (*Id.*) The problem with the ALJ's analysis on this count is that it "conflates consistency with supportability. Said differently, the ALJ discussed the consistency factor by comparing [Dr. Gainer's] opinion with the record as a whole." *Melinda D. v. Comm'r of Soc. Sec.*, No. 2:24-CV-3871, 2025 WL 227159, at *6 (S.D. Ohio Jan. 17, 2025). Despite that, the ALJ did not discuss supportability by referencing any explanations or evidence underlying Dr. Gainer's opinion, and this omission constitutes error. *See, e.g.*, *William G. v. Comm'r of Soc. Sec.*, No. 2:22-cv-213, 2022 WL 4151381, at *8 (S.D. Ohio Sept. 13, 2022) (finding the ALJ did not properly analyze supportability where his comments merely compared the medical source's opinion with the record as a whole), *report and recommendation adopted*, No. 2:22-cv-213, 2022 WL 16745337 (S.D. Ohio Nov. 7, 2022); *Crystal E. J. v. Comm'r of Soc. Sec.*, No. 2:21-cv-4861, 2022 WL 2680069, at *7–8 (S.D. Ohio July 12, 2022) (stating comparisons to the record as a whole go only to the consistency of an opinion, not supportability), *report and recommendation adopted*, No. 2:21-cv-4861, 2022 WL 2974734 (S.D. Ohio July 27, 2022).

The Commissioner counters that the ALJ's reference to "examinations contained in the record" should be "read as including those from Dr. Gainer, Ms. Belouchi, and other providers—which the ALJ had already discussed in detail elsewhere in the decision" such that "there was no need for the ALJ to repeat such details again when evaluating [Dr. Gainer's opinion]." (ECF No. 10, PAGEID #: 2249.) But the issue is not that the ALJ failed to adequately summarize the medical record when discussing Dr. Gainer's opinion; rather, the issue is that the ALJ failed to address whether Dr. Gainer's opinion was supported by the explanations or evidence underlying her opinion.

The Commissioner also contends that the ALJ's analysis of Dr. Gainer's opinion "should be viewed as addressing both the supportability" of the opinion in terms of Dr. Gainer's "own findings" and its consistency with "the findings from other sources" because "the records and examination findings the ALJ referenced in the opinion analysis (and discussed in depth throughout the decision) were from both" Dr. Gainer and other providers. (*Id.* at PAGEID #: 2251.) Like the ALJ, however, the Commissioner improperly conflates the supportability and consistency factors. As discussed above, an ALJ's comparison of a medical opinion with the record as a whole addresses consistency, not supportability.

In short, by not explaining how he considered the factor of supportability when evaluating Dr. Gainer's opinion, the ALJ failed to meet the minimum levels of articulation required by the regulations. Without the ALJ's proper articulation of the supportability factor, the Court cannot trace the ALJ's path of reasoning. And, as a result, the Court's ability to determine whether the ALJ's conclusions were supported by substantial evidence has been frustrated.

This failure is significant because Dr. Gainer put forth limitations more restrictive than those reflected in Plaintiff's RFC, including time off-task and absenteeism limits that, according

to the VE's hearing testimony, would preclude competitive employment. Dr. Gainer opined that Plaintiff would need to be off-task at least 20 percent of the workday, and absent at least three days per month. (ECF No. 7, PAGEID #: 961–63.) The VE testified that it would be work preclusive if an individual with Plaintiff's RFC was required to be "off task 15 percent of the day" or "absent three days per month." (ECF No. 7, PAGEID #: 91.) Thus, it cannot be said that the ALJ's error was harmless.

The ALJ's failure to comply with a legal requirement constitutes reversible error, as the error was not harmless and instead prejudiced Plaintiff on the merits. *See Rabbers*, 582 F.3d at 654. Accordingly, Plaintiff's claim of error is well-taken and a remand is justified.

## V. CONCLUSION

Based on the foregoing, Plaintiff's Statement of Errors (ECF No. 8) is **SUSTAINED**. The decision of the Commissioner is therefore **REVERSED** and this action is **REMANDED** to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g), for further administrative proceedings. The Clerk is **DIRECTED** to enter **FINAL JUDGMENT** in this case pursuant to sentence four of 42 U.S.C. § 405(g).

**IT IS SO ORDERED.**

*/s/ S. Courter M. Shimeall*
**S. COURTER M. SHIMEALL**
**UNITED STATES MAGISTRATE JUDGE**